**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| STEPHANIE FELL, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 1:25-cv-4206-TSC |
| DONALD J. TRUMP, *et al.*, | |
| *Defendants*. | |

**DEFENDANTS' MOTION FOR STAY OR EXTENSION OF DEADLINE TO RESPOND
TO MOTION FOR CLASS CERTIFICATION**

On March 3, 2026, Plaintiffs moved for class certification. ECF No. 70. Defendants' March 17 response deadline is three weeks before their stipulated April 6 deadline to respond to the Amended Complaint. ECF No. 39. Because Defendants intend to file a motion to dismiss on that deadline that may moot Plaintiffs' request for class certification or narrow the scope of any issues to be resolved in class certification motions practice, Defendants respectfully move that this Court stay Defendants' deadline to respond to the class certification motion until after the Court decides the forthcoming dispositive motion. Alternatively, Defendants request that their deadline to respond to the class certification motion be extended until April 6, 2026, so as to align with their deadline to respond to the Amended Complaint.[1]

---

[1] Through counsel, Plaintiffs state: "We oppose Defendants' motion to stay briefing on Plaintiffs' motion for class certification pending resolution of Defendants' motion to dismiss. In the event the Court declines the stay, we are willing to agree that Defendants may have until April 6, 2026 to oppose Plaintiffs' motion, so long as Plaintiffs have until April 27 for our reply (a reciprocal extra week extension)."

"A district court has inherent authority to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 n.6 (1998). Consistent with that inherent authority, the Federal Rules of Civil Procedure and this Court's local rules recognize that a district court may—and sometimes should—defer consideration of a motion for class certification until after resolution of a dispositive motion. Federal Rule of Civil Procedure 23(c)(1)'s requirement that a class be certified "at an early practicable time" reflects that there are "many valid reasons that may justify deferring the initial certification decision." Fed. R. Civ. P. 23(c)(1) advisory committee notes to 2003 amendment. And Local Civil Rule 23.1(b) expressly authorizes district courts to defer consideration of class certification motions until after "appropriate preliminary proceedings."

The D.C. Circuit likewise has blessed the practice of considering dispositive motions before class certification motions. *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (D.C. Cir. 2001). This Court has repeatedly done so. *See, e.g.*, *Drug Reform Coordination Network, Inc. v. Grey House Publishing, Inc.*, 106 F. Supp. 3d 9, 10 n.1 (D.D.C. 2015); *Molina v. FDIC*, 870 F. Supp. 2d 123, 125 n.1 (D.D.C. 2012); *Gerlich v. U.S. Dep't of Justice*, 659 F. Supp. 2d 1, 7 n.4 (D.D.C. 2009); *Howard v. Gutierrez*, 474 F. Supp. 2d 41, 44 (D.D.C. 2007); *Am. Fed'n of Gov't Employees TSA Local 1 v. Hawley*, 481 F. Supp. 2d 72, 75 (D.D.C. 2006); *Blackmon-Malloy v. U.S. Capitol Police Bd.*, 338 F. Supp. 2d 97, 99 (D.D.C. 2004); *Berriochoa Lopez v. United States*, 309 F. Supp. 2d 22, 23 n.1 (D.D.C. 2004); *Worth v. Jackson*, 483 F. Supp. 2d 1, 3 n.5 (D.D.C. 2004).

The Court should exercise that discretion here to stay further briefing on Plaintiffs' motion for class certification. Defendants anticipate that their motion to dismiss will raise jurisdictional and other threshold issues, including whether Plaintiffs have standing to sue each of the 55 Defendants (the President, agencies, and agency heads) named in their Amended Complaint. If the

Court were to dismiss the case, Plaintiffs' motion for class certification would become moot. Even if the Court were to dismiss only certain Plaintiffs, certain claims, or claims against certain Defendants, that outcome would directly bear on issues relevant to class certification, including whether the proposed class satisfies Rule 23's commonality and typicality requirements or what the scope of any certified class should encompass. Thus, in the interest of efficiency, judicial economy, and orderly case management, Defendants respectfully request that the Court stay class certification proceedings pending resolution of Defendants' forthcoming motion to dismiss.

At a minimum, the Court should extend Defendants' deadline to respond to the class certification motion to April 6, 2026. There is good cause to grant that extension. Plaintiffs' motion spans 38 pages and includes hundreds of pages of exhibits and declarations. Because Defendants are simultaneously preparing their dispositive motion, an extension is necessary to provide Defendants sufficient time to prepare an adequate response. Setting Defendants' response deadline for the same date as their motion to dismiss deadline ensure that the two motions will be briefed on parallel schedules.

A proposed order is attached.

March 12, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Noah T. Katzen*
KIAN KEVIN AZIMPOOR (D.C. Bar. # 90024613)
NOAH T. KATZEN (D.C. Bar No. 1006053)
Trial Attorneys
Federal Programs Branch
Civil Division
U.S. Department of Justice

3

Washington, DC  20005
(202) 305-2428
noah.t.katzen@usdoj.gov

4