# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

STEPHANIE FELL, *et al.*,

        Plaintiffs,

        v.

DONALD J. TRUMP,
*in his official capacity as*
*President of the United States,*
*et al.*

        Defendants.

Case No. 1:25-cv-04206

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

As Defendants have explained, ECF No. 73, staying further briefing on Plaintiffs' motion for class certification until the Court resolves Defendants' motion to dismiss, which is due April 6, 2026, would serve the interests of judicial economy, conserve party resources, and permit more orderly consideration of important procedural questions that may materially narrow the case (if any claims and Defendants remain following resolution of that forthcoming motion). Plaintiffs oppose that common sense proposition, primarily on the ground that Defendants have not yet filed their motion and did not brief their anticipated dispositive arguments in moving to stay. For at least three reasons, the Court should reject Plaintiffs' arguments and stay briefing on the class certification motion.

*First*, in these circumstances, Defendants' representation that they intend to move to dismiss is sufficient to justify a stay of class certification briefing. Following a meet-and-confer process, Plaintiffs consented to Defendants' alternative request to extend the deadline to respond to the class certification motion only until the day that Defendants' motion to dismiss was due. Had Defendants

waited until that date to seek a stay, rather than doing so well ahead of time, they would have had to meet the very deadline they are seeking to stay. The practice of this Court does not require such an unreasonable result. For example, in *Drug Reform Coordination Network, Inc. v. Grey House Publishing, Inc.*, the court stayed proceedings related to class certification pending resolution of the defendant's motion to dismiss. *See* No. 14-cv-701, Minute Order (D.D.C. July 18, 2014).

*Second*, if the Court believes that it cannot grant the motion to stay without a more specific indication of how that motion could affect the propriety of class certification, there is a ready and obvious example. Under Rule 23(a), this Court must assess the estimated size of the proposed class. That size, in turn, depends on how many agencies are properly named as Defendants in this case. It is plain from the face of the Amended Complaint that the eight named Plaintiffs, who worked at seven Defendant agencies, do not have standing to sue every agency named as a Defendant. Specifically, they plainly lack standing to sue agencies that did not employ them and did not take adverse action against them. Where "no named plaintiff has standing" to sue a defendant, the court is "powerless" to do anything other than dismiss the claims against that defendant. *See Frank v. Gaos*, 586 U.S. 485, 492 (2019); *see also J.D. v. Azar*, 925 F.3d 1291, 1324 (D.C. Cir. 2019) (holding that "an absent class member's individual standing" does not satisfy Article III). While Defendants intend to raise other arguments relating to exhaustion and the merits in their forthcoming Rule 12 motion, that obvious standing defect—and its direct bearing on numerosity—makes it appropriate to defer class certification until after the motion is decided.

*Third*, if the Court believes it should review Defendants' motion to dismiss before deciding whether to stay class certification briefing, there is a straightforward solution: the Court can grant Defendants' stay motion for the time being, but lift the stay if, upon reviewing Defendants' motion to dismiss, the Court determines that it is appropriate to brief class certification at that time. It would better serve the interests of judicial economy and conservation of party resources to stay class

certification briefing until after resolution of the motion to dismiss, but even a middle-ground, provisional stay of briefing until the Court has had a chance to review the forthcoming motion to dismiss would address the only argument Plaintiffs have advanced for denying Defendants' motion to stay briefing.

For those reasons, the Court should stay briefing on Plaintiffs' motion for class certification until it has resolved Defendants' forthcoming motion to dismiss.

Dated:  March 27, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CHRISTOPHER R. HALL
Assistant Branch Director

*Kian K. Azimpoor*
KIAN K. AZIMPOOR (D.C. Bar No. 90024613)
NOAH T. KATZEN (D.C. Bar No. 1006053)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel:  (202) 598-0860;  Fax:  (202) 616-8470
E-mail:  kian.k.azimpoor@usdoj.gov

*Counsel for Defendants*