# Exhibit B



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

# FORMAL INDIVIDUAL COMPLAINT FORM FOR EMPLOYMENT DISCRIMINATION
### Agency File No.: HHS-

| FORMAL COMPLAINT OF DISCRIMINATION IN THE FEDERAL GOVERNMENT |
|---|

| | |
|---|---|
| **AUTHORITY:** | 42 U.S.C. 2000e-16(b) and (c); 29 U.S.C. Chapter 14; E.O. 12106. |
| **PURPOSE:** | Used for processing complaints of discrimination based on race, color, national origin, religion, sex, age, physical or mental disability, and/or retaliation by agency civilian employees, former employees, or applicants for employment. |
| **ROUTINE USES:** | Information will be used: (a) as a data source for complaint information for production of summary descriptive statistics and analytical studies of complaints processing and resolution efforts and may also be used to respond to general requests for information under the Freedom of Information Act; (b) to respond to requests from legitimate outside individuals or agencies (Congress, White House, Equal Employment Opportunity Commission) regarding the status of a complaint or appeal; or (c) to adjudicate a complaint or appeal. |
| **DISCLOSURE:** | Voluntary; however, failure to complete all appropriate portions of this form may lead to dismissal of a complaint on the basis of inadequate data on which to determine if a complaint is acceptable. |

| 1. NAME OF COMPLAINANT:<br>Latoya Lerissa Smith | 2. HOME ADDRESS (Do not accept P.O. Box):<br>██████████ |
|---|---|

| 3a. HOME/CELL PHONE NO:<br>████████ | 3b. WORK PHONE NO: | 4. NAME AND ADDRESS OF WHERE YOU CURRENTLY WORK:<br>N/A |
|---|---|---|
| 3c. EMAIL ADDRESS:<br>████████ | | |
| 5. DO YOU HAVE A REPRESENTATIVE?<br>Yes | | |

| 6. IF YES, PROVIDE NAME, ADDRESS, AND PHONE NO. OF REPRESENTATIVE:<br>Samantha Sloane<br>Kalijarvi, Chuzi, Newman & Fitch, PC<br>818 Connecticut Ave. NW, Suite 1000<br>Washington, DC 20006<br><br>IS YOUR REPRESENTATIVE AN ATTORNEY?<br>Yes | 7a. NAME AND ADDRESS OF OFFICE WHERE ALLEGATION(S) OCCURRED:<br>Strategic Initiatives and Engagement Branch<br>9000 Rockville Pike<br>Bethesda, MD 20892<br><br>7b. NAME AND TITLE OF MANAGEMENT OFFICIAL RESPONSIBLE FOR THE ALLEGED DISCRIMINATION:<br>See Attachment B |
|---|---|

| 8. DATE OF MOST RECENT ACT OF ALLEGED DISCRIMINATION:<br>July 21, 2025 | 9. ARE YOU A BARGAINING UNIT EMPLOYEE?<br>Unknown | 10. ARE YOU A FEDERAL EMPLOYEE OR APPLICANT?<br><br>a. EMPLOYEE: TITLE, SERIES, GRADE<br>Former employee, Program Specialist, ████████ |
|---|---|---|

Revised 9/2025

11. REASON YOU BELIEVE YOU WERE DISCRIMINATED AGAINST ("X" BELOW):

| X | a. RACE | | e. DISABILITY |
|---|---------|---|---------------|
| X | b. COLOR | | f. AGE |
| | c. RELIGION | | g. NATIONAL ORIGIN |
| | d. RETALIATION | | h. Genetic Informaiton Nondiscrimination Act (GINA) |
| X | i.SEX | | |

| 12a. DID YOU DISCUSS YOUR COMPLAINT WITH AN EEO COUNSELOR? Yes | 12b. IF "YES," NAME OF EEO COUNSELOR: Chinara Brown | 12c. DATE YOU FIRST CONTACTED AN EEO COUNSELOR/OFFICIAL: March 10, 2025 | 13. DATE RECEIVED NOTICE OF FINAL INTERVIEW/RIGHT TO FILE: December 8, 2025 |
|---|---|---|---|

14. **SELECT THE ISSUE(S)/CLAIM(S) BELOW THAT BEST DESCRIBE(S) YOUR COMPLAINT.** Briefly explain how you were discriminated against and identify the specific incidents or events and dates on which they occurred; *i.e.*, tell how you were treated differently from other employees or applicants because of your race, color, religion, sex, national origin, age, mental or physical disability, or retaliation. See Instructions.

| Issue: | | Specifically Explain: |
|--------|---|-----------------------|
| Appointment/Hire | | |
| Harassment (non-sexual) | | |
| Promotion/Selection | | |
| Disciplinary Action | | |
| Performance Appraisal/ Evaluation | | |
| Training | | |
| Assignment of Duties | | |
| Duty Hours | | |
| Medical Examination | | |
| Reasonable Accommodation | | |
| Awards | | |
| Reassignment Denied/Directed | | |
| Reinstatement | | |

Revised 9/2025

| | | |
|---|---|---|
| Retirement | | |
| Time and Attendance | | |
| Pay- Including Overtime | | |
| Conversion to Full-time | | |
| Examination/Test | | |
| Terms and Conditions of Employment | | |

Additional narrative explaining the reasons you believe you were discriminated against. (Please describe the specific claim here if you did not identify one of the claims above.)
See Attachment A.

15. REMEDY/RESOLUTION: Please describe the terms, conditions, corrective actions, and remedial relief you are seeking in resolving/adjudicating your complaint.
Reinstatement of employment into position of record consistent with the Backpay Act, compensatory damages, and attorneys'' fees and costs.

| 16. HAVE ANY OF THE INCIDENTS LISTED IN ITEM 14 BEEN APPEALED TO THE MERIT SYSTEMS PROTECTION BOARD (MSPB) OR FILED UNDER A NEGOTIATED GRIEVANCE PROCEDURE?<br>No | 17. SIGNATURE OF COMPLAINANT:<br>DocuSigned by:<br>*Latoya Smith*<br>0F5FEAD833444C4... | |
| | 18. DATE COMPLAINT SIGNED:<br>12/23/2025 | 19. DATE COMPLAINT FILED (EEO OFFICE USE): |

Revised 9/2025

**READ INSTRUCTIONS CAREFULLY**

*This form should be used only if you, as an applicant for Federal employment, or a current or former Federal employee, believe you have been discriminated against based on your race, color, religion, sex, national origin, age, disability, or retaliation by a Federal agency, and have presented the matter for informal resolution to an Equal Employment Opportunity (EEO) Counselor, and you have either received your Notice of Final Interview/Right to File Formal or more than thirty (30) calendar days have elapsed from your date of initial contact, and the matter remains unresolved.*

A formal complaint of discrimination must be filed within fifteen (15) calendar days of your, or your attorney's, if applicable, receipt of the Notice of Final Interview/Right to File Formal. You may submit this form by hand-delivery/mail to: **U.S. Dpeartment of Health and Human Services, Equal Employment Opportuntiy, 200 Independence Avenue, S.W., Room 308B, Washington, DC 20201 or via email to EEO@hhs.gov.** It must be postmarked or received on or before the fifteenth (15th) calendar day from your/your attorney's receipt of the Notice of Final Interview/Right to File Formal. It is your responsibility to keep the EEO Office informed of your current address. Should your address or contact information change, you must notify the Office immediately.

In completing this form, it is very important that:

- You provide the date(s) of the alleged discriminatory action(s). Dates are used to determine timeliness, and in accordance with the Equal Employment Opportunity Commission's (EEOC) regulations, an individual must initiate contact with an EEO Counselor within forty-five (45) calendar days of the date the incident(s) occurred or, if a personnel action, within forty-five (45) calendar days of its effective date.
- You state clearly the action(s) which you allege a Federal agency took or failed to take that you believe to be discriminatory. What action(s) was taken or not taken that led you to contact an EEO Counselor?
- You focus on the claims(s) raised with the EEO Counselor or like or related claim(s). Your formal complaint should include only those claim(s) on which you were counseled and wish to pursue through the formal complaint process. This may be all or only some of the claim(s) raised during the pre-complaint process. You decide what claim(s) you want to continue to pursue. Claim(s) raised in the formal filing that were not raised with the EEO Counselor or are not like or related to the claim(s) raised can be dismissed or referred for EEO counseling.

SAMPLE: On September 20, 2005, my immediate supervisor, John Doe, advised me that I was not selected for a GS-14, Attorney position under Vacancy Announcement Number H-05-89. I believe the non-selection was based on my race (Asian) because the selectee, Tom Jones, is White and has less litigation experience than I do. Also, on October 3, 2005, I received a Reprimand from Mr. Doe. I believe the Reprimand was issued in retaliation for initiating this EEO complaint on September 22, 2005. Other employees such as Mary Smith arrive late for work but are not disciplined.

Should you need additional space in completing this form, attachments are permitted. However, please note that it is not necessary or encouraged for you to submit documentary evidence relating to the merits of your complaint with your formal filing. Such information should be provided to an EEO investigator if your complaint is accepted for investigation. If the [OPDIV EEO Office] needs additional information or clarification in accepting or dismissing your claim(s), you will be contacted.

Subsequent to filing this formal complaint, you will receive a letter from the [OPDIV EEO Office] acknowledging receipt of your complaint and providing you with specific information about your rights and responsibilities. Should you have questions in the interim, please contact [Name, Title] at [phone number].

If any or all of your claims are accepted for investigation, you will be contacted by an EEO investigator. You should cooperate with and present to the investigator all evidence and documentation you have in support of your claim(s) as well as the names of potential witnesses. Should your complaint be dismissed and not accepted for investigation, you will be advised of appropriate appeal rights.

Revised 9/2025

Attachment A – Formal EEO Complaint
Latoya Lerissa Smith

The United States, including the Department of Health and Human Services (the "Agency")[1], has discriminated against Latoya Lerissa Smith on the basis of her advocacy for protected gender and racial communities and her race (African American), color (Black), and sex (female) in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e. Ms. Smith is making these allegations on behalf of a class across the federal government.

## I.        Factual Background

Latoya Lerissa Smith began working at the National Institutes of Health ("NIH") on April 21, 2024 as a Diversity and Inclusion Resources Specialist ▮▮▮▮▮▮▮. Approximately 90% of her job focused on preparing the NIH's annual Management Directive 715 Report and Plan ("MD-715") to be filed with the U.S. Equal Employment Opportunity Commission and implementing MD-715 plans for barrier analyses and correcting equal employment opportunity deficiencies. Approximately 10% of Ms. Smith's job involved implementing the DEIA Strategic Plan that was in place prior to her commencing work at the Agency. Effective December 15, 2024, Ms. Smith's position title changed to Program Specialist (GS-0301-13). In her new position, Ms. Smith focused entirely on preparing and implementing the annual MD-715 Report and Plan to analyze barriers to equal employment opportunity and correcting deficiencies, which are statutorily-mandated duties. Ms. Smith's work in FY 2024 was rated excellent, and she received an increase in pay.

On January 24, 2025, consistent with policies directed by Defendants across the U.S. Government, Director of the NIH Office of Human Resources ("OHR") Julie Broussard Berko placed Ms. Smith on administrative leave with full pay and benefits. Berko informed Ms. Smith

---

[1] A complete list of Defendants is attached as Attachment B.

1

Attachment A – Formal EEO Complaint
Latoya Lerissa Smith

that the administrative leave placement was not for any disciplinary purpose but otherwise provided no reason for the personnel action.

Ms. Smith got confirmation that the actions taken against her were pursuant to Executive Orders and OPM guidance that targeted employees for separation from government where the employee was presumed to be performing DEIA-related work.  On January 30, 2025, OHR emailed Ms. Smith, stating that they "have been informed by [the Department of Health and Human Services] that employees previously performing [Diversity, Equity, Inclusion, and Accessibility ("DEIA")] work and are on administrative leave are eligible for the OPM Deferred Resignation Program."  Ms. Smith had until February 6, 2025 to notify hr@opm.gov if she desired to participate in the Deferred Resignation Program.  *Id.*  Ms. Smith chose not to participate in the Deferred Resignation Program.

Ms. Smith was notified of her termination on or about February 14, 2025,[2] when Acting Chief Human Capital Officer Jeffery Anoka provided to her a Notification of Termination During Probationary Period, effective March 14, 2025.  Mr. Anoka removed Ms. Smith from her position of Program Specialist in the federal service, asserting—against the evidence of her performance evaluations—that her ability, knowledge, and skills did not fit the Agency's needs and that her performance was inadequate.

On March 18, 2025, days after she had been removed, the NIH Office of Human Resources notified Ms. Smith that it was placing her back on paid administrative leave pursuant

---

[2] Ms. Smith contacted the EEO office and filed an informal complaint on March 10, 2025, but received no response from the Agency until November 24, 2025—259 days after filing the informal complaint.

2

Attachment A – Formal EEO Complaint
Latoya Lerissa Smith

to a March 13, 2025 Temporary Restraining Order that federal district court Judge James K.

Bredar issued in *Maryland v. USDA*, Civil No. 1:25-cv-0748.

On April 21, 2025, Ms. Smith completed one year of federal employment and thereby

completed her probationary period, making her no longer vulnerable to removal as a

probationary employee.  On or about July 16, 2025, however, Ms. Smith learned that she had

been terminated two days earlier.  She received a Notice of Termination of Employment due to

Reduction in Force (RIF) from the Office of the Secretary of the Department of Health & Human

Services.  The Notice "amend[ed] the written notice dated 4/1/2025 that," the Government

alleged, "was previously sent to [Ms. Smith], by the Department of Health and Human Services

('HHS'), regarding its Reduction-in-Force ('RIF') action."  Further, the Notice explained that

"HHS is now permitted to move forward with a portion of its RIF.  Accordingly, you are hereby

notified **that you were officially separated from HHS at the close of business on July 14,**

**2025.**"  (emphasis in original).  Ms. Smith had not received any communication dated April 1,

2025.  Nevertheless, it became apparent that she was not being paid and had, in fact, been

separated.

On or about July 21, 2025, Deputy Assistant Secretary for Human Resources/Chief

Human Capital Officer Thomas J. Nagy, Jr. sent Ms. Smith an Amended Notice of Termination

of Employment due to Reduction in Force (RIF).  The Amended Notice amended the April 1,

2025 written notice that Ms. Smith did not receive.  The Amended Notice reiterated that

Ms. Smith was separated from the Federal service at the close of business on July 14, 2025 as

part of a RIF "necessary to reshape the workforce of HHS."  Reflecting the anti-DEI motivation

for the termination, the July 21, 2025 RIF notice identified Ms. Smith's competitive area as

3

Attachment A – Formal EEO Complaint
Latoya Lerissa Smith

"HNAD7," which refers to "Division of Diversity and Inclusion" as the corresponding

organization within HHS.  *Id.*

However, at the time of her removal, Ms. Smith worked in the Strategic Initiatives and

Engagement Branch of the NIH's Equal Employment Opportunity Office "perform[ing] essential

job functions pursuant to Title VII of the Civil Rights Act, the Rehabilitation Act, 29 C.F.R.

Part 1614, and [Management Directive]-715."  She did not occupy a position in the "Division of

Diversity and Inclusion" or the competitive area HNAD7.

II.     **The Government discriminated against Ms. Smith because of her advocacy for and membership in protected gender or racial communities.**

The Government's efforts to remove Ms. Smith from a position she did not occupy

cannot be justified by federal regulations and make clear that the actions taken against her were

not based on legitimate management decisions but were motivated by illegal discrimination

against her because of (1) her advocacy or perceived advocacy for Americans who belong to

protected racial or gender communities; and (2) her race (African American), color (Black), and

sex (female).  The Government's shifting reasons for placing Ms. Smith on administrative leave

and removing her from federal service evidence that the Government's proffered reasons are

pretextual and that Ms. Smith's removal was due to discrimination.

A.  **The Government intentionally discriminated against Ms. Smith because of her advocacy or perceived advocacy for protected gender or racial communities.**

In violation of Title VII, the Agency's implementation of Executive Orders ("EOs")14151

and 14210 (the "anti-DEIA EOs") and OPM's January 21 and 24, 2025 guidance (the

"implementing guidance") discriminated against Ms. Smith on the basis of her advocacy or

perceived advocacy for Americans who belong to protected gender or racial communities.  The

anti-DEIA EOs and implementing guidance targeted not only employees in DEIA-labeled roles,

4

Attachment A – Formal EEO Complaint
Latoya Lerissa Smith

but also anyone perceived as advocating for protected racial or gender groups, even where such work was legally mandated or where workers, in fact, were not advocating on behalf of protected groups as part of their job duties. Ms. Smith is making these allegations on behalf of a class across the federal government.

The Government discriminated against Ms. Smith for her perceived advocacy by adopting and implementing the policies of the anti-DEIA EOs and OPM guidance. At the time the Government placed Ms. Smith on administrative leave and issued her RIF Notices, she was performing statutorily mandated duties and was not serving in a DEIA-labeled role. Nevertheless, the Government placed her on administrative leave because she was an "employee[] previously performing DEIA work." The Government then assigned Ms. Smith to the Division of Diversity and Inclusion competitive area—notwithstanding that she did not occupy a position in the "Division of Diversity and Inclusion"—for the purpose of removing her from federal service. The Government's shifting reasons for Ms. Smith's removal further evidence that its proffered reasons were pretextual.

In fact, the Government's actions were intended to and did punish Ms. Smith because she was perceived as advocating for or as having previously advocated for protected racial and gender communities.

**B. The Government intentionally discriminated against Ms. Smith and implemented policies that disparately impacted her because of her race, color, and sex.**

The anti-DEIA EOs and implementing guidance had the intended and actual effect of disproportionately harming Ms. Smith as an African American woman of color. RIFs due to the anti-DEI EOs and implementing directives reveal that the people targeted for termination included substantially more women and/or non-binary workers, and an over-selection of people

Attachment A – Formal EEO Complaint
Latoya Lerissa Smith

of color, with a substantial over-selection of Black employees.  Ms. Smith is making these allegations on behalf of a class across the federal government.

Publicly available sources confirm the demographic skew.  The American Accountability Foundation, a conservative watchdog group backed by Project 2025's Heritage Foundation, published a public "DEI watchlist" of senior civil servants to be targeted.[3]  On December 3, 2025, there were 96 people listed on the DEI watchlist:  92 presented as women and/or people of color; 4 appear to be white men.  Ms. Smith was and remains on this watchlist.[4]

As a result of the Administration's discriminatory patterns and practices, women and people of color have been systematically harmed.  As *The New York Times* reported, the Trump Administration has targeted for the largest work force reductions or complete elimination of agencies where people of color and women were a majority of the work force, such as the Department of Education and the U.S. Agency for International Development.[5]

The Government was aware of the adverse impact the anti-DEIA EOs, implementing guidance, and Government policies had on Ms. Smith as an African American woman of color yet maintained these policies.

III.    **Conclusion**

As a result of the Government's actions against Ms. Smith, she and the class she represents have experienced significant harm, including emotional harm, professional

---

[3] Melissa Hellmann, 'Really Scary': Rightwing Watchlist Found of Mostly Black Federal Health Workers, THE GUARDIAN (Feb. 6, 2025), https://perma.cc/FF7S-3G28.

[4] DEI Bureaucrat Watch List Dossier: A Quick Summary of DEI Offenses – Lerissa Smith, https://www.deiwatchlist.com/dossier/lerissa-smith (last accessed Dec. 18, 2025).

[5] Elisabeth Bumiller & Erica L. Green, *Trump Fires Black Officials From an Overwhelmingly White Administration,* N.Y. TIMES (Oct. 8, 2025), https://perma.cc/PZ5Q-KE47.

6

Attachment A – Formal EEO Complaint
Latoya Lerissa Smith

reputational harm, and professional harm relating to the loss of training opportunities, access to

professional opportunities, and employment across the federal government.  She seeks all

available equitable relief and remedies as well as all reasonable attorneys' fees and costs.

Attachment A – Formal EEO Complaint
Latoya Lerissa Smith                                        7

Attachment B – Formal EEO Complaint
Latoya Lerissa Smith

1. Robert F. Kennedy, Jr. – Secretary of Health and Human Services
2. Jay Bhattacharya – Director of the National Institutes of Health
3. Julie Broussard Berko – Director, NIH Office of Human Resources
4. Jeffery Anoka – Acting Chief Human Capital Officer
5. Thomas Nagy – Deputy Assistant Secretary for Human Resources/Chief Human Capital Officer
6. Charles Ezell – Former Acting Director of OPM
7. Donald J. Trump – President of the United States
8. Scott Kupor – Director of the Office of Personnel Management
9. Russel Vought – Director of the Office of Management and Budget
10. Pamela Bondi – Attorney General of the Department of Justice
11. Brooke Rollins – Secretary of Agriculture
12. John L. Ratcliffe – Director of the Central Intelligence Agency
13. Howard Lutnick – Secretary of Commerce
14. Caroline D. Pham – Acting Chairman of the Commodity Futures Trading Commission
15. Pete Hegseth – Secretary of Defense
16. Linda McMahon – Secretary of Education
17. Chris Wright – Secretary of Energy
18. Lee Zeldin – Administrator of the Environmental Protection Agency
19. Bryan Bedford, Administrator of the Federal Aviation Administration
20. Jerome H. Powell – Chairman of the Federal Reserve Board
21. Andrew N. Ferguson – Chairman of the Federal Trade Commission
22. Martin A. Makary – Commissioner of the Food and Drug Administration
23. Kristi Noem – Secretary of the Department of Homeland Security
24. Scott Turner – Secretary of Housing and Urban Development
25. Doug Burgum – Secretary of the Interior
26. Lori Chavez-Deremer – Secretary of Labor
27. Sean Duffy – Acting Administrator of the National Aeronautics and Space Administration
28. Tulsi Habbard – Director of National Intelligence
29. Marco Rubio – Secretary of State
30. Sean Duffy – Secretary of Transportation
31. Scott Bessent – Secretary of the Treasury
32. Douglas A. Collins – Secretary of Veterans Affairs