# Exhibit C

## PART 1 - Appellant and Agency Information
### Everyone must complete Part 1.

*Please type or print legibly.*

**1. Name** *(last, first, middle)*

Last: Oliver    First: Kimiko    M. Initial:

Please list your first name as it appears in your official personnel records. For example, if your first name is "William" on your official personnel records, please list it that way on the appeal form, not "Bill" or "Willy."

**2. Present address** *(number and street, city, State, and Zip code)*

**You must promptly notify the Board in writing of any change in your mailing address while your appeal is pending.**

Address: ▉▉▉▉▉▉▉▉▉▉

City: ▉▉▉▉▉▉    State: ▉▉▉▉    Zip Code: ▉▉▉

**3. Telephone Numbers** *(include area code) and E-Mail Address*

**You must promptly notify the Board in writing of any change in your telephone number(s) or e-mail address while your appeal is pending.**

Home:    Work: ▉▉▉▉▉▉    Fax:    Cell: ▉▉▉▉

e-Mail Address: ▉▉▉▉▉▉

**4. Name and address of the agency that took the action or made the decision you are appealing** *(include bureau or division, street address, city, State and Zip code)*

Agency Name: Commodity Futures Trading Commission

Bureau: Commodity Futures Trading Commission

Address: 1155 21st Street NW

City: Washington    State: District of Columbia    Zip Code: 20581    Phone Number: (202) 418-5000

**5. Your Federal employment status at the time of the action or decision you are appealing:**

[X] Permanent    [ ] Temporary    [ ] Term
[ ] Seasonal    [ ] Applicant    [ ] Retired
[ ] None

**6. Type of appointment (if applicable):**

[X] Competitive    [ ] Excepted
[ ] Postal Service    [ ] SES
[ ] Other *(describe)*:

**7. Your position, title, grade, and duty station at the time of the action or decision you are appealing (if applicable):**

Occupational Series or Cluster: 0301    Position Title: Diversity Officer

Grade or Pay Band: CT 15    Duty Station: Washington D.C., District of Columb

**8. Are you entitled to veteran's preference?** See **5 U.S.C. § 2108**.

[ ] Yes    [X] No

**9. Length of Federal service (if applicable):**

14 Years    8 Months

**10. Were you serving a probationary, trial, or initial service period at the time of the action or decision you are appealing?**

[ ] Yes    [X] No

**11. HEARING:** You may have a right to a hearing before an administrative judge. If you elect not to have a hearing, the administrative judge will make a decision on the basis of the submissions of the parties. Do you want a hearing?

[X] Yes    [ ] No

Appeal Number: 2025A026829
Submission Date: Aug 14 2025  2:15PM
Confirmation Number: 10022336

## PART 2 - Agency Personnel Action or Decision (non-retirement)

**Complete this part if you are appealing a Federal agency personnel action or decision other than a decision directly addressing your retirement rights or benefits.** This includes certain actions that might not otherwise be appealable to the Board: individual right of action (IRA) appeals under the Whistleblower Protection Act (WPA); appeals under the Uniformed Services Employment and Reemployment Rights Act (USERRA); or appeals under the Veterans Employment Opportunities Act (VEOA). An explanation of these three types of appeals is provided in **Appendix A**.

12. Check the box that best describes the agency **personnel action or decision** you are appealing. (If you are appealing more than one action or decision, check each box that applies.)

☐ VA SES Removal from civil service

☐ Removal (termination after completion of probationary or initial service period)

☐ Termination during probationary or initial service period

☐ Reduction in grade, pay, or band

☐ Suspension for more than 14 days

☐ Failure to restore/reemploy/reinstate or improper restoration/reemployment/reinstatement

☐ Negative suitability determination

☐ VA SES Transfer to general schedule

☐ Involuntary resignation

☐ Involuntary retirement

☐ Denial of within-grade increase

☐ Furlough of 30 days or less

☐ Separation, demotion or furlough for more than 30 days by reduction in force (RIF)

☐ Other action (describe):

13. Date you received the agency's final decision letter (if any) *(MM/DD/YYYY)*:

14. Effective date (if any) of the agency action or decision *(MM/DD/YYYY)*:

15. Prior to filing this appeal, did you and the agency mutually agree in writing to try to resolve the matter through an alternative dispute resolution (ADR) process?

☐ Yes *(attach a copy of the agreement)*     ☐ No

16. Explain briefly why you think the agency was wrong in taking this action, including whether you believe the agency engaged in harmful procedural error, committed a prohibited personnel practice, or engaged in one of the other claims listed in **Appendix A**. **Attach the agency's proposal letter, decision letter, and SF-50, if available.** Attach additional sheets if necessary (bearing in mind that there will be later opportunities to supplement your filings).

**Appeal Number:** 2025A026829
**Submission Date:** Aug 14 2025  2:15PM
**Confirmation Number:** 10022336

MSPB Form 185, Page 3 (5/13)
5 C.F.R. Parts 1201, 1208, and 1209
Page 2 of 23

| PART 2 - Agency Personnel Action or Decision (non-retirement) (continued) |
|---|

17. With respect to the agency personnel action or decision you are appealing, have you, or has anyone on your behalf, filed a grievance under a negotiated grievance procedure provided by a collective bargaining agreement?

☐ Yes          ☐ No

If "Yes," **attach a copy of the grievance**, enter the date it was filed, and enter the place where it was filed if different from your answer to question 4 in Part 1.

Agency Name: NOT APPLICABLE          Date Filed (MM/DD/YYYY): NOT APPLICABLE

Bureau: NOT APPLICABLE

Address: NOT APPLICABLE

City: NOT APPLICABLE     State: NOT APPLICABLE     Zip Code: NOT APPLICABLE

If a decision on the grievance has been issued, **attach a copy of the decision** and enter the date it was issued (MM/DD/YYYY):

Date Issued (MM/DD/YYYY): NOT APPLICABLE

**Answer Question 18 ONLY if you are filing an IRA appeal.**

18. If you filed a whistleblowing complaint with the Office of Special Counsel (OSC), provide the date on which you did so and the date on which OSC made a decision or terminated its investigation, if applicable. **Attach copies of your complaint and OSC's termination of investigation letter**, notifying you of your right to seek corrective action from the Board.

Date Filed (MM/DD/YYYY): NOT APPLICABLE

Date of OSC decision or termination of investigation (MM/DD/YYYY): NOT APPLICABLE

**Answer Question 19 ONLY if you are filing a USERRA or VEOA appeal.**

19. If you filed a complaint with the Department of Labor (DOL), list the date on which you did so, and **attach a copy of your complaint**. If DOL has made a decision on your complaint, list the date of this decision, and **attach a copy of it**. If DOL has not made a decision on your complaint within 60 days from the date you filed it, state whether you have notified DOL of your intent to file an appeal with the Board, and **attach a copy of such notification**.

Date Filed (MM/DD/YYYY): NOT APPLICABLE

Has DOL made a decision on your complaint?

☐ Yes          ☐ No

If "Yes," enter the date it was made.  If "No", state whether you have notified DOL of your intent to file an appeal with the Board, and **attach a copy of such notification**.

Date of DOL decision (MM/DD/YYYY): NOT APPLICABLE          ☐ Notified DOL of your intent to file an appeal with the Board?

Appeal Number: 2025A026829
Submission Date: Aug 14 2025  2:15PM
Confirmation Number: 10022336

MSPB Form 185, Page 4 (5/13)
5 C.F.R. Parts 1201, 1208, and 1209

Page 3 of 23

## PART 5 - Certification

27. **I certify that all of the statements made in this form and any attachments are true, complete, and correct to the best of my knowledge and belief.**

Kimiko Oliver                                                                08/14/2025

_____            _____

Signature of Appellant or Representative                         Date *(MM/DD/YYYY)*

### Privacy Act Statement

*This form requests personal information that is relevant and necessary to reach a decision in your appeal. The Merit Systems Protection Board collects this information in order to process appeals under its statutory and regulatory authority. Because your appeal is a voluntary action, you are not required to provide any personal information to the Merit Systems Protection Board in connection with your appeal. Conceivably, failure to provide all information essential to reaching a decision in your case could result in the dismissal or denial of your appeal.*

*Decisions of the Merit Systems Protection Board are available to the public under the provisions of the Freedom of Information Act and are posted to the Merit Systems Protection Board's public website. Some information about the appeal also is used in depersonalized form for statistical purposes. Finally, information from your appeal file may be disclosed as required by law under the provisions of the Freedom of Information Act and the Privacy Act. See 5 U.S.C. §§ 552, 552a.*

### Public Reporting Burden

*The public reporting burden for this collection of information is estimated to vary from 20 minutes to 4 hours, with an average of 60 minutes per response, including time for reviewing the form, searching existing data sources, gathering the data necessary, and completing and reviewing the collection of information. Send comments regarding the burden estimate or any other aspect of the collection of information, including suggestions for reducing this burden, to Office of the Clerk of the Board, Merit Systems Protection Board, 1615 M Street, N.W., Washington, DC 20419 or by e-mail to mspb@mspb.gov.*

**Appeal Number:** 2025A026829
**Submission Date:** Aug 14 2025  2:15PM
**Confirmation Number:** 10022336

MSPB Form 185, Page 7 (5/13)
5 C.F.R. Parts 1201, 1208, and 1209

Page 4 of 23

# U.S. Merit Systems Protection Board

Appeal Attachment List

Appeal Number:           2025A026829

Appellant Name:          Kimiko Oliver

MSPB Office of Filing:   Commodity Futures Trading Commission

| Attachments Included with e-filed Appeal | |
|---|---|
| | |
| Name of Attachment | File Name |
| Uploaded Appeal | FORM185_August_2025-merged.pdf |

| Attachments To Be Sent Separately by Hard Copy Submission | |
|---|---|
| | |
| Name of Attachment | Submission Method |

All hard copy attachments should be submitted with the transmittal sheet below so they can be properly affiliated with the appeal by MSPB.

OMB No. 3124-0017, Exp. 09/30/2026



## MERIT SYSTEMS PROTECTION BOARD
## APPEAL FORM (MSPB FORM 185)

## INSTRUCTIONS FOR COMPLETING YOUR APPEAL

### MSPB's Authority to Review Employment Related Actions or Decisions

The legal authority (jurisdiction) of the U.S. Merit Systems Protection Board (MSPB or the Board) to review employment-related actions or decisions is limited to those matters specifically entrusted to it by law, rule, or regulation. A listing of matters over which MSPB has jurisdiction can be found in MSPB's regulations at 5 C.F.R. § 1201.3. The administrative judge assigned to your case will determine whether MSPB has jurisdiction over the particular circumstances of your appeal.

More information about the adjudication of appeals before MSPB, including its regulations, may be found at MSPB's website: www.mspb.gov. MSPB's regulations are also published in the Code of Federal Regulations, 5 C.F.R. part 1200 et seq., available in many libraries.

### Time Limits for Filing an Appeal

Please review MSPB's regulations and other relevant authority for the time limits applicable to the type of appeal you are filing. Generally, you must file your appeal within 30 calendar days of the effective date, if any, of the action or decision you are appealing, or the date you received the agency's decision, whichever is later. (Please note that Individual Right of Action (IRA), Uniformed Services Employment and Reemployment Rights Act (USERRA), and Veterans Employment Opportunities Act (VEOA) appeals **have different time limits**, as described in Appendix A.) In limited circumstances, the 30-day filing time limit may be extended if you and the agency mutually agree in writing to try to resolve your dispute through an alternative dispute resolution process before you file an appeal. *See* 5 C.F.R. § 1201.22(b)-(c). The 30-day time limit may also be extended if you have previously filed a formal equal employment opportunity (EEO) complaint regarding the same matter, as described in Appendix A. The date of filing is the date your appeal is postmarked, the date of the facsimile (fax) transmission, the date it is delivered to a commercial overnight delivery service, the date of receipt in the regional or field office if you personally deliver it, or the date of submission if you file your appeal electronically. Do not delay filing your appeal merely because you do not currently have the documents requested in this form.

### Attachments

Please submit only the attachments requested in this form when filing your appeal. The filing of an appeal is just the beginning of the adjudication process, and you will have additional opportunities to submit evidence and argument before a decision is issued. Further, the agency will submit all the documents contained in its record of the action. 5 C.F.R. § 1201.25(c).

### Where to File an Appeal

You must file your appeal of the agency's action or decision with MSPB's regional or field office responsible for your actual or potential duty station. If you are appealing a retirement or suitability decision by the Office of Personnel Management, you must file your appeal with MSPB's regional or field office responsible for where you live. *See* 5 C.F.R. § 1201.4(d) and 1201.22(a). For a list of regional and field offices, and the geographic areas for which they are responsible, see Appendix B.

**Please visit MSPB's e-Appeal system — e-appeal.mspb.gov — to file your appeal electronically.** E-Appeal enables you to file pleadings electronically and provides electronic access to all case related documents filed by the agency and issued by MSPB.

OMB No. 3124-0017, Exp. 09/30/2026

## Privacy Act Statement

**AUTHORITY:**  MSPB may hear appeals of Federal agency actions only when it has been authorized to do so by law, rule, or regulation.  5 U.S.C. § 7701(a); 5 U.S.C. § 1204.

**PRINCIPAL PURPOSE(S):**  This information is being collected for the primary purposes of adjudicating the appeals and matters described above, rendering MSPB decisions in these matters, and enabling case parties to have access to MSPB's electronic filing system.  Additionally, some information about the appeal or case is used in depersonalized form for statistical purposes.

**ROUTINE USE(S):**  The information on this form may be shared outside of MSPB as generally permitted under 5 U.S.C. § 552a(b) of the Privacy Act of 1974, as amended.  This includes sharing the information as necessary and authorized by routine uses published in MSPB/GOVT – 1 Appeals and Case Records, 77 Fed. Reg. 65206 (Oct. 25, 2012), and upon written request, by agreement, or as required by law.  MSPB decisions are available to the public under the provisions of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and are posted to MSPB's public website.  Other documents from individual appeal and case files may also be made available as required by FOIA.

**DISCLOSURE:**  The disclosure of information on this form is voluntary; however, failure to provide the information requested may delay or prevent the proper docketing of a matter and/or, the adjudication of a matter, which could result in the dismissal or delay of your appeal or matter, and/or prevent access to MSPB's e-Appeal system.

## Paperwork Burden Disclosure Notice

Public reporting burden for this data collection is estimated to vary from 60 and 120 minutes, with an average of 90 minutes per response.  The burden estimate includes the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and submitting this form.  You are not required to respond to this collection of information unless a valid Office of Management and Budget (OMB) control number is displayed on this form.  Send comments regarding the burden estimate or any other aspect of the collection of information, including suggestions for reducing this burden, to Office of the Clerk of the Board, Merit Systems Protection Board, 1615 M Street, NW, Washington, DC 20419; by fax to 202-653-7130; or by email to mspb@mspb.gov.

OMB No. 3124-0017, Exp. 09/30/2026

## PART 1 - Appellant and Agency Information
### Everyone must complete Part 1.

*Please type or print legibly.*

**1. Name** *(last, first, middle initial)*

Last: OLIVER    First: KIMIKO    M. Initial:

Please list your first name as it appears in your official personnel records. For example, if your first name is "William" on your official personnel records, please list it that way on the appeal form, not "Bill" or "Willy."

**2. Present address** *(number and street, city, state, and ZIP code)*

**You must promptly notify the Board in writing of any change in your mailing address while your appeal is pending.**

Address: ███████████

City: ███████    State: ███████    ZIP Code: ██████

**3. Telephone numbers** *(include area code)* and email address

**You must promptly notify the Board in writing of any change in your telephone number(s) or email address while your appeal is pending.**

Cell: ███████    Home: ███████    Work:    Fax:

Email Address: ███████████

**4. Name and address of the agency that took the action or made the decision you are appealing** *(include bureau or division, street address, city, state and ZIP code)*

Agency Name: U.S. COMMODITY FUTURES TRADING COMMISSION

Bureau:

Address: 1155 21ST ST NW    Phone Number:

City: WASHINGTON    State: D.C.    ZIP Code: 20581    2024185000

**5. Your Federal employment status at the time of the action or decision you are appealing:**

[✓] Permanent  [ ] Temporary  [ ] Term
[ ] Seasonal  [ ] Applicant  [ ] Retired
[ ] None

**6. Type of appointment (if applicable):**

[✓] Competitive  [ ] Excepted
[ ] Postal Service  [ ] SES
[ ] Other *(describe)*:

**7. Your position, title, grade, and duty station at the time of the action or decision you are appealing (if applicable):**

Occupational Series or Cluster: 0301    Position Title: DIVERSITY OFFICER

Grade or Pay Band: CT 15    Duty Station: WASHINGTON D.C.

**8. Are you entitled to veteran's preference?** *See* 5 U.S.C. § 2108.

[ ] Yes  [✓] No

**9. Length of Federal service (if applicable):**

14 Years  8 Months

**10. Were you serving a probationary, trial, or initial service period at the time of the action or decision you are appealing?**

[ ] Yes  [✓] No

**11. HEARING:** You may have a right to a hearing before an administrative judge. If you elect not to have a hearing, the administrative judge will make a decision on the basis of the submissions of the parties. Do you want a hearing?

[✓] Yes  [ ] No

OMB No. 3124-0047, Exp. 09/30/2026

## PART 2 - Agency Personnel Action or Decision (non-retirement)

**Complete this part if you are appealing a Federal agency personnel action or decision other than a decision directly addressing your retirement rights or benefits.** This includes certain actions that might not otherwise be appealable to the Board: individual right of action (IRA) appeals under the Whistleblower Protection Act (WPA); appeals under the Uniformed Services Employment and Reemployment Rights Act (USERRA); or appeals under the Veterans Employment Opportunities Act (VEOA). An explanation of these three types of appeals is provided in **Appendix A**.

12. Check the box that best describes the agency **personnel action or decision** you are appealing. (If you are appealing more than one action or decision, check each box that applies.)

- ☐ Removal (termination after completion of probationary or initial service period)
- ☐ Termination during probationary or initial service period
- ☐ Reduction in grade, pay, or band
- ☐ Suspension for more than 14 days
- ☐ Failure to restore/reemploy/reinstate or improper restoration/reemployment/reinstatement
- ☐ Negative suitability determination

- ☐ Involuntary resignation
- ☐ Involuntary retirement
- ☐ Denial of within-grade increase
- ☐ Furlough of 30 days or less
- ☒ Separation, demotion or furlough for more than 30 days by reduction in force (RIF)
- ☐ Other action (describe):

13. Date you received the agency's final decision letter (if any) *(MM/DD/YYYY)*:

05/23/2025

14. Effective date (if any) of the agency action or decision *(MM/DD/YYYY)*:

07/23/2025

15. Prior to filing this appeal, did you and the agency mutually agree in writing to try to resolve the matter through an alternative dispute resolution (ADR) process?

☐ Yes *(attach a copy of the agreement)*    ☒ No

16. Explain briefly why you think the agency was wrong in taking this action, including whether you believe the agency engaged in harmful procedural error, committed a prohibited personnel practice, or engaged in one of the other claims listed in **Appendix A**. **Attach the agency's proposal letter, decision letter, and SF-50, if available.** Attach additional sheets if necessary (bearing in mind that there will be later opportunities to supplement your filings).

PLEASE SEE ATTACHMENT A FOR RESPONSE.

## PART 2 - Agency Personnel Action or Decision (non-retirement, continued)

17. With respect to the agency personnel action or decision you are appealing, have you, or has anyone on your behalf, filed a grievance under a negotiated grievance procedure provided by a collective bargaining agreement?

☐ Yes    ☑ No

If "Yes," **attach a copy of the grievance**, enter the date it was filed, and enter the place where it was filed if different from your answer to question 4 in Part 1.

Agency Name: _____    Date Filed (MM/DD/YYYY): _____

Bureau: _____

Address: _____

City: _____    State: _____    ZIP Code: _____

If a decision on the grievance has been issued, **attach a copy of the decision** and enter the date it was issued.

Date Issued (MM/DD/YYYY): _____

### Answer Question 18 ONLY if you are filing an IRA appeal.

18. If you filed a whistleblowing complaint with the Office of Special Counsel (OSC), provide the date on which you did so and the date on which OSC made a decision or terminated its investigation, if applicable. **Attach copies of your complaint and OSC's termination of investigation letter** notifying you of your right to seek corrective action from the Board.

Date Filed (MM/DD/YYYY): _____

Date of OSC decision or termination of investigation (MM/DD/YYYY): _____

### Answer Question 19 ONLY if you are filing a USERRA or VEOA appeal.

19. If you filed a complaint with the Department of Labor (DOL), list the date on which you did so, and **attach a copy of your complaint**. If DOL has made a decision on your complaint, list the date of this decision, and **attach a copy of it**. If DOL has not made a decision on your complaint within 60 days from the date you filed it, state whether you have notified DOL of your intent to file an appeal with the Board, and **attach a copy of such notification**.

Date Filed (MM/DD/YYYY): _____

Has DOL made a decision on your complaint?

☐ Yes    ☐ No

If "Yes," enter the date it was made. If "No," state whether you have notified DOL of your intent to file an appeal with the Board, and **attach a copy of such notification**.

Date of DOL decision (MM/DD/YYYY): _____    ☐ Notified DOL of your intent to file an appeal with the Board?

OMB No. 3124-0017, Exp. 09/30/2026

## PART 3 - OPM or Agency Retirement Decision

**Complete this part if you are appealing a decision of the Office of Personnel Management (OPM) or other Federal agency directly addressing your retirement rights or benefits.**

20. In which retirement system are you enrolled?

☐ CSRS   ☐ CSRS Offset   ☐ FERS

☐ Other, *describe:*

21. Are you a:

☐ Current Employee      ☐ Annuitant

☐ Surviving Spouse

☐ Other, *describe:*

22. If retired, date of retirement, or if unknown, approximate date:

Date Retired (*MM/DD/YYYY*):

23. Describe the retirement decision you are appealing.

24. Have you received a final or reconsideration decision from OPM or another Federal agency?

☐ Yes *(attach a copy)*      ☐ No

If "Yes," on what date did you receive the decision?

Date Received (*MM/DD/YYYY*):

Provide the OPM claim number (CSA or CSF) in your appeal:

OPM Claim Number:

25. Explain briefly why you think OPM or another Federal agency was wrong in making this decision.

MSPB Form 185, Page 6  (Rev. 08/25)
5 C.F.R. parts 1201, 1208, and 1209

## PART 4 - Designation of Representative

26. Has an individual or organization agreed to represent you in this proceeding before the Board? (You may designate a representative at any time. However, it is unlikely that the appeals process will be delayed for reasons related to obtaining or maintaining representation. Moreover, you must promptly notify the Board in writing of any change in representation.)

☐ Yes *(complete the information below and sign)*          ☑ No

**DESIGNATION:**

"I hereby designate _____ to serve as my representative during the course of this appeal. I understand that my representative is authorized to act on my behalf. In addition, I specifically delegate to my representative the authority to settle this appeal on my behalf. **I understand that any limitation on this settlement authority must be filed in writing with the Board.**"

**Representative's address** *(number and street, city, state and ZIP code)*

Address: _____

City: _____

State: _____    ZIP Code: _____

**Representative's telephone numbers** *(include area code)* and email address

Office: _____

Fax: _____    Other: _____

Email Address: _____

### SIGN BELOW TO MAKE YOUR DESIGNATION OF REPRESENTATIVE EFFECTIVE

*Kim Oliver*
_____
Appellant's Signature

08/14/2025
_____
Date *(MM/DD/YYYY)*

OMB No. 3124-0017, Exp. 09/30/2026

## PART 5 - Certification

27. **I certify that all of the statements made in this form and any attachments are true, complete, and correct to the best of my knowledge and belief.**

_____
Signature of Appellant or Representative

08/14/2025

_____
Date *(MM/DD/YYYY)*

OMB No. 3124-0017, Exp. 09/30/2026

**APPENDIX A**

**<u>Additional Claims Regularly Raised in MSPB Appeals</u>**

**Harmful Error**: Error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. The burden is upon the appellant to show that the error was harmful, i.e., that it caused substantial harm or prejudice to his or her rights. 5 C.F.R. § 1201.4(r).

**Prohibited Personnel Practice**: A claim that the agency action or decision you are challenging was the result of one of the personnel practices prohibited by 5 U.S.C. § 2302(b). Among the prohibited personnel practices most likely to be relevant as an affirmative defense in an MSPB proceeding are: unlawful discrimination under subsection (b)(1); retaliation for protected whistleblowing under subsection (b)(8); and retaliation for other protected activity under subsection (b)(9).

- **Unlawful Discrimination**: A claim that the agency action was the result of prohibited discrimination based on race, color, religion, sex, national origin, disability, age, marital status, political affiliation, genetic information, and retaliation for prior equal employment opportunity (EEO) activity. *See* 5 U.S.C. §§ 2302(b)(1), 7702; 5 C.F.R. part 1201, subpart E; 29 C.F.R. part 1630 and Appendix to Part 1630; 42 U.S.C. § 2000ff et seq.; 29 C.F.R. § 1614.302-.308. If you filed a formal discrimination complaint, give the date on which you did so, state whether and when the agency issued a final decision on your discrimination complaint, and provide copies of both.

- **Retaliation for whistleblowing activity under 5 U.S.C. § 2302(b)(8) and (b)(9)(A)(i), (B), (C), or (D)**: A claim that the agency action was taken in retaliation for the disclosure of information the individual reasonably believes demonstrates a violation of law, rule, or regulation; gross mismanagement; gross waste of funds; abuse of authority; or substantial and specific danger to public health or safety; or in retaliation for the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation with regard to remedying a violation of subsection (b)(8); for testifying or otherwise lawfully assisting any individual in the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation; for cooperating with or disclosing information to the Inspector General (or any other component responsible for internal investigation or review) of an agency, or the Special Counsel, in accordance with applicable provisions of law; or for refusing to obey an order that would require a violation of law, rule, or regulation. *See* 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (B), (C), and (D).

- **Retaliation for other protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii)**: A claim that the agency action was taken in retaliation for the exercise of any appeal, complaint, or grievance right, other than with regard to remedying a violation of 5 U.S.C. § 2302(b)(8).

**Violation of Rights under the Uniformed Services Employment and Reemployment Rights Act (USERRA)**: A claim that the agency action violated rights and benefits under 38 U.S.C. chapter 43 by denying initial employment, reemployment, retention in employment, promotion, or any benefit of employment on the basis of membership, application for membership, performance of service, application for service, or obligation to perform service in a uniformed service. *See* 5 C.F.R. part 1208, subpart B.

**Violation of a Law or Regulation relating to Veterans' Preference pursuant to the Veterans Employment Opportunities Act (VEOA)**: A claim that the agency action violated rights related to veterans' preference under any statute or regulation. *See* 5 C.F.R. part 1208, subpart C; 5 U.S.C. § 3330(a).

**Not in accordance with law**: A claim that the agency's action was unlawful in its entirety, that is, there is no legal authority for the action.

OMB No. 3124-0017, Exp. 09/30/2026

## IRA, USERRA, and VEOA Appeals

The law provides for three types of appeals in certain situations that might not otherwise be appealable to MSPB (5 C.F.R. § 1201.3(a) provides a listing of matters directly appealable to MSPB, i.e., "otherwise appealable actions"): Individual Right of Action (IRA) appeals under the Whistleblower Protection Act (WPA) and Whistleblower Protection Enhancement Act (WPEA) pursuant to 5 U.S.C. § 1221; appeals under USERRA pursuant to 38 U.S.C. § 4324; and appeals under VEOA pursuant to 5 U.S.C. § 3330a.

**Note**: As described above, allegations of retaliation for whistleblowing, as well as allegations under USERRA and VEOA, may be brought as additional claims in cases that are otherwise appealable to MSPB.

**IRA Appeals under the WPA and WPEA**. Subsection (b)(8) of 5 U.S.C. § 2302 makes it a prohibited personnel practice to threaten, propose, take, or not take a personnel action listed in 5 U.S.C. § 2302(a)(2) because of an individual's disclosure of information that he or she reasonably believes shows a violation of law, rule, or regulation; gross mismanagement; gross waste of funds; abuse of authority; or substantial and specific danger to public health or safety. Subsections (b)(9)(A)(i), (B), (C), and (D) make it a prohibited personnel practice to threaten, propose, take, or not take a personnel action in retaliation for the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation with regard to remedying a violation of subsection (b)(8); for testifying or otherwise lawfully assisting any individual in the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation; for cooperating with or disclosing information to the Inspector General (or any other component responsible for internal investigation or review) of an agency, or the Special Counsel, in accordance with applicable provisions of law; or for refusing to obey an order that would require a violation of law, rule, or regulation. If the personnel action allegedly taken in reprisal for making a protected disclosure or engaging in protected activity is not otherwise appealable to MSPB, you must first file a whistleblower complaint with the Office of Special Counsel (OSC) and exhaust the procedures of that office, *see* 5 U.S.C. § 1214(a)(3), before you may file an IRA appeal with MSPB under 5 U.S.C. § 1221.

**USERRA Appeals**. In USERRA appeals, appellants allege that agencies have violated their rights and benefits under 38 U.S.C. chapter 43 by denying initial employment, reemployment, retention in employment, promotion, or any benefit of employment on the basis of their membership, application for membership, performance of service, application for service, or obligation to perform service in a uniformed service. *See* 5 C.F.R. part 1208, subpart B. To pursue redress for a USERRA violation, you may either file a USERRA complaint with the Department of Labor (DOL) or file an appeal with MSPB. However, if you first file a USERRA complaint with DOL, you must exhaust DOL procedures before you may file an appeal with MSPB. *See* 5 C.F.R. § 1208.11.

**VEOA Appeals**. A VEOA appeal is one in which a preference eligible (defined in 5 U.S.C. § 2108) or veteran described in 5 U.S.C. § 3304(f)(1) alleges that a Federal agency violated their rights under any statute or regulation relating to veterans' preference. *See* 5 C.F.R. part 1208, subpart C. Unless you are making a VEOA claim in an otherwise appealable action, you must file a VEOA complaint with DOL and allow DOL at least 60 days to try to resolve the matter before filing an appeal with MSPB.

OMB No. 3124-0017, Exp. 09/30/2026

## <u>Time Limits for Filing IRA, USERRA, and VEOA Appeals, and<br>Following the Filing of a Formal EEO Complaint</u>

**IRA Appeals**. If you are filing an IRA appeal, you must file no later than 65 days after the date of the OSC notice advising you that the Special Counsel will not seek corrective action, or within 60 days after the date you received the OSC notice, whichever is later. *See* 5 C.F.R. § 1209.5.

**USERRA Appeals**. If you are filing a USERRA appeal, there is no time limit for filing. *See* 5 C.F.R. § 1208.12. If you file a USERRA complaint with DOL first, you must exhaust the procedures of DOL before you may file an appeal with MSPB.

**VEOA Appeals**. If you are filing a VEOA appeal, you must file it within 15 days after the date you received notice that DOL was unable to resolve the matter. *See* 5 C.F.R. § 1208.22. Note: Before filing with MSPB, you must file a VEOA complaint with DOL, which is allowed at least 60 days to try to resolve the matter.

**Formal EEO Complaints**. If you have previously filed a formal EEO complaint regarding the same matter, you must file your MSPB appeal within 30 days after receiving the agency's resolution or final decision as to that complaint, or you may file at any time after 120 days have elapsed from the filing of the complaint in the absence of such an agency resolution or decision. *See* 5 C.F.R. § 1201.154(b).

OMB No. 3124-0017, Exp. 09/30/2026

## APPENDIX B

### MSPB Regional and Field Offices

**Atlanta Regional Office**: 401 West Peachtree Street, N.W., 10th floor, Atlanta, GA 30308-3519
Telephone: (404) 730-2751; Fax: (404) 730-2767
*Geographic Area*: Alabama; Florida; Georgia; Mississippi; South Carolina; and Tennessee.

**Central Regional Office**: 230 South Dearborn Street, 31st floor, Chicago, IL 60604-1669
Telephone: (312) 353-2923; Fax: (312) 886-4231
*Geographic Area*: Illinois; Indiana; Iowa; Kansas City, Kansas (only Kansas City); Kentucky; Michigan; Minnesota; Missouri; Ohio; and Wisconsin.

**Dallas Regional Office**: 1100 Commerce Street, Room 620, Dallas, TX 75242-9979
Telephone: (214) 767-0555; Fax: (214) 767-0102
*Geographic Area*: Arkansas; Louisiana; Oklahoma; and Texas.

**Denver Field Office**: 165 South Union Blvd., Suite 318, Lakewood, CO 80228-2211
Telephone: (303) 969-5101; Fax: (303) 969-5109
*Geographic Area*: Arizona; Colorado; Kansas (except Kansas City); Montana; Nebraska; New Mexico; North Dakota; South Dakota; Utah; and Wyoming.

**Northeastern Regional Office**: 1601 Market Street, Suite 1700, Philadelphia, PA 19103
Telephone: (215) 597-9960; Fax: (215) 597-3456
*Geographic Area*: Connecticut; Delaware; Maine; Maryland (except the counties of Montgomery and Prince George's) Massachusetts; New Hampshire; New Jersey, New York; Pennsylvania; Puerto Rico, Rhode Island; Vermont; Virgin Islands; and West Virginia.

**Washington Regional Office**: 1901 S. Bell Street, Suite 950, Arlington, VA 22202
Telephone: (703) 756-6250; Fax: (703) 756-7112
*Geographic Area*: Maryland counties of Montgomery and Prince George's; North Carolina; Virginia; Washington, DC; and all overseas areas not otherwise covered.

**Western Regional Office**: 1301 Clay Street, Suite 1380N, Oakland, CA 94612-5217
Telephone: (510) 273-7022; Fax: (510) 273-7136
*Geographic Area*: Alaska; California; Hawaii; Idaho; Nevada; Oregon; Washington; and Pacific overseas.

MSPB Form 185, Page 12 (Rev. 08/25)
5 C.F.R. parts 1201, 1208, and 1209

**ATTACHMENT A**

1.  Harmful Error - Unlawful Basis Under Executive Order 14151

The agency's stated rationale for my involuntary separation through reduction in force (RIF) was connected to the implementation of Executive Order 14151, "Ending Radical and Wasteful Government DEI Programs and Preferencing (EO 14151)." This order directed the elimination of DEI programs and positions, but my role included broader outreach, engagement, and operational functions unrelated to the political aims of executive orders. The main duties of my role were to incorporate the statutory requirements for establishing and conducting an equal opportunity recruitment program consistent with 5 CFR, section 720.101 - Federal Equal Opportunity Recruitment Program. Applying Executive Order 14151 to abolish my position was overly broad, discriminatory, and contrary to merit system principles.

2.   Unlawful Discrimination - Violation of Merit System Principles & Prohibited Personnel Practices

Under 5 U.S.C. § 2301 and § 2302, agencies must make personnel decisions free from discrimination, political influence, or reprisal, and must base such decisions on merit. My separation was not based on performance, qualifications, or bona fide lack of work—criteria required for a lawful RIF—but appears to have been based on an impermissible category of work association. Prior to President Trump's election, a female colleague in my office who identifies as "white" held the title of "Diversity Manager."  After President Trump's election, she was authorized to change her title and revamp her position description and therefore was not placed on administrative leave leading to an involuntary separation from the agency. Two colleagues and I, all minorities, were denied the same opportunity.

3.   Disparate Impact & Targeted Elimination

The implementation of EO 14151 within my agency disproportionately targeted certain employees within the agency's Office of Minority and Women Inclusion (renamed "EEO Office" after EO 14151) regardless of the duties performed. The agency's EEO Director (formerly "Chief Diversity Officer"), along with the Chair, Commissioners, and other executives involved in DEIA initiatives, were unaffected. This practice was documented in both internal communications and public reports, which raises questions regarding the objectivity and impartiality of the process for identifying positions to eliminate.



# U.S. COMMODITY FUTURES TRADING COMMISSION

Three Lafayette Centre
1155 21st Street, NW, Washington, DC 20581
Telephone: (202) 418-5003
Facsimile: (202) 418-5530
*www.cftc.gov*

**Office of Human
Resources**

May 23, 2025

Kimiko Oliver
███████████████████

Dear Ms. Oliver:

I regret to inform you that a reduction in force (RIF) within your competitive area will be conducted effective July 23, 2025. This action is a result of a lack of work because of the elimination of the Diversity Equity Inclusion (DEI) Section of the U.S. Commodity Futures Trading Commission (CFTC or Agency) in accordance with the President's Executive Order 14151, "*Ending Radical and Wasteful Government DEI Programs and Preferencing.*" The Agency has determined the retention rights of all its affected employees. The following is provided for your information and action.

Your position of Diversity Equity Inclusion Officer is being abolished, and you have been reached for release in the RIF action. This letter constitutes a specific RIF notice to you.

<u>Action to be taken: Separation</u>

This RIF is being carried out in accordance with the current law and regulations, which include Chapter 35 of Title 5, United States Code, 5 Code of Federal Regulations Part 351, and CFTC policy. In accordance with these authorities, you will be released from your competitive level, and you do not have an assignment right to another position in your competitive area, which was established on February 1, 2025. As a result, you will be separated from the Federal service by RIF on July 23, 2025.

<u>Retention Preference Information</u>

| | |
|---|---|
| Competitive Area: | Office of the Chairman, Office of Minority and Women Inclusion, Diversity Equity Inclusion Section |
| Type of Service: | Competitive |
| Work Schedule: | Full-time |
| Position: | Diversity Equity Inclusion Officer, CT-0301-15 |
| Competitive Level: | 0882 |
| Tenure Group and Subgroup: | 1-B |
| Service Computation Date (SCD): | 11/7/2010 |
| Three Most Recent Performance Ratings: | 09/30/2024 – Pass |

09/30/2023 – Pass
09/30/2022 – Pass

Additional Years of Credit Based/on Performance Ratings: 12 Years

Adjusted RIF Service Computation Date (SCD): 11/07/1998 (12 years)

NOTE: The adjusted RIF SCD includes all creditable military and civilian service and is adjusted with additional credit (up to a maximum of 20 years) for the performance ratings.  The Agency assigns additional credit of 12 years for each performance rating that is Satisfactory (Pass) or higher and then averages the additional credit assigned to determine the additional years of credit.

Please contact Mr. Robert Short at BShort@cftc.gov immediately if you believe any of the above information is incorrect.

While processing the RIF with the above-mentioned information for you and other employees, the Agency determined that you would be released from your competitive level and separated from Federal service with severance pay.  Because (a) your position is abolished, and (b) you are not being offered an alternate position at this time, the Agency does not have any information to provide you related to grade and pay retention.

At this time, the Agency does not have an offer of a reasonable change of position.  In the event you are qualified and have assignment rights to a position or are offered a position that becomes available during the notice period, you will be informed via a subsequent notice.  Should the circumstances of the RIF otherwise change, this notice may be withdrawn.

**RIF Documents**

General RIF documents: Each employee impacted by RIF has access to general documents that outline applicable benefits for which you may be eligible or entitled as appropriate.  You may access these documents by making an appointment with Mr. Robert Short by emailing BShort@cftc.gov.  In addition, the websites to certain relevant external benefits provided by other entities are found immediately below.

Specific RIF Package Documents: In addition to the general documents outlined above, you are being provided a RIF Package that outlines benefits specific to you.  Because you are being separated through a RIF action, certain employees are eligible for career transition and placement assistance.  Specifically, you are eligible for the CFTC's Reemployment Priority List (RPL) and a registration form is attached to this notice.  You may also be eligible for the Career Transition Assistance Program (CTAP) and the Interagency Career Transition Assistance Program (ICTAP).  Your RIF package includes an explanation of these programs.  If you have questions concerning these issues, please contact Mr. Robert Short at BShort@cftc.gov.

As discussed above, you will be eligible for severance pay following your separation.  An estimate of your severance pay is included in your RIF package.  Severance pay is paid out at the same pay period intervals that salary payments would be made for eligible recipients.

In order to better understand the contents of your RIF package, you may schedule an appointment with an HR representative, during which you will be able to inspect the regulations and records pertaining to your case including reviewing the complete retention register to see how the competitive level of your positions and other positions were created and how your relative standing and assignment were determined, discuss displacement assistance, as well as your benefits.  Please contact Mr. Robert Short at BShort@cftc.gov to schedule this appointment.

**Assistance During Notice Period**

**Until the effective date of the RIF, you are entitled to additional various assistance measures.  These include:**

1. The Agency will establish and maintain a reemployment priority list (RPL) for employees separated under the provisions of this article.  When the Agency decides to fill vacancies, it will seek to hire first from this list before seeking outside candidates for appropriate positions coming open during or after the RIF.
2. The Employee Assistance Program (EAP) is available free to you and in most cases your immediate family by contacting the LifeServices Employee Assistance Program (EAP) on 1 (800) 822-4847.  The EAP has qualified counselors available 24 hours a day, 7 days a week, who can provide expert guidance and counseling.  The EAP is a confidential, free, and voluntary service and your discussions with an EAP counselor will not be disclosed to anyone, without your permission and your participation will not be noted in your OPF.
3. For training benefits under the Workforce Improvement Act (WIA) of 1998, please see www.careeronestop.org.
4. For unemployment compensation benefits, please refer to the Department of Labor's website at: https://www.dol.gov/agencies/whd/contact/local-offices.
5. Your RIF package includes specific information on the Agency's career transition services available to you.  For general information on transition assistance, please refer to the Office of Personnel Management's website at https://www.opm.gov/policy-data-oversight/workforce-restructuring/employee-guide-to-career-transition/ctap_guideline.pdf.

**Appeals**

U.S. Merit Systems Protection Board (MSPB)
If you believe this action is in violation of statute, regulation, or is based in whole or in part on discrimination on the basis of your race, color, religion, sex (including pregnancy, gender identity, sexual orientation, and sexual harassment), national origin, age, disability status, genetic information, or on the basis of marital status or political affiliation, you may file an appeal with the MSPB.  You may file your appeal with the MSPB online at https://e-appeal.mspb.gov/.  Your appeal must be in writing and may be filed any time after the effective date of the action being

appealed, specifically, your separation from Federal service, until <u>no later than 30 calendar days</u> after the effective date.  Failure to file an appeal within the time limit may result in dismissal of the appeal as untimely filed.  You may also access the MSPB's website at <u>www.mspb.gov</u> for additional and further detailed information on the appeal process.

<u>Equal Employment Opportunity (EEO)</u>
If you believe this personnel action is based in whole or in part on discrimination on the basis of your race, color, religion, sex (including pregnancy, gender identity, sexual orientation, and sexual harassment), national origin, age, disability status, genetic information, or in reprisal for participating in a protected EEO activity, you may file a complaint with Equal Employment Opportunity Office (EEO) at <u>EEO@cftc.gov</u>.  You must contact them <u>no later than 45 calendar days</u> of the effective date of the action, specifically, your separation from Federal service.  You may also file with MSPB as noted above and raise discrimination as an affirmative defense.  However, you may not proceed through both forums; you must elect one or the other.  You may also access the U.S. Equal Employment Opportunity Commission (EEOC) website at <u>www.eeoc.gov</u> for additional and further detailed information on the Federal sector EEO process.

<u>Office of Special Counsel</u>
You may also seek corrective action before the U.S. Office of Special Counsel (OSC).  Visit the OSC e-filing system web site at <u>www.osc.gov</u>, to access the online application.  However, if you do so, you will be limited to whether the Agency took one or more covered personnel actions against you in retaliation for making protected whistleblowing disclosures.  If you choose to file an action with OSC, you will not be able to file that same claim through the grievance procedure.

**Conclusion**

This action is being taken in accordance with the applicable civil service RIF regulations.  Detailed information about the RIF regulations may be accessed on OPM's website, <u>https://www.opm.gov/policy-data-oversight/workforce-restructuring/reductions-in-force/#url=Summary</u>.

If you elect to resign before the effective date of the RIF, your separation will be considered involuntary for severance pay purposes.  Please be advised that an early resignation may affect your eligibility for placement assistance and your appeal rights.  It may also impact your ability to qualify for unemployment compensation and training benefits provided under WIA.  You are encouraged to contact your State's Department of Labor or related office for any questions regarding unemployment compensation.  You are also encouraged to contact Mr. Robert Short, Benefits Manager at (202) 418-5573 or at <u>BShort@cftc.gov</u> to learn how an early resignation may affect your benefits.

This RIF action does not reflect directly on your service, performance, or conduct.  It is being taken for the reasons stated above.  Leadership at the CFTC are appreciative of your service.

Sincerely,

Acting Chief Human Capital Officer

Please sign below to acknowledge receipt of this packet and please return a copy of this signed page.

_____
Signature                                                      Date

_____
Printed Name

Enclosures:

SF-8 - Unemployment Compensation
Benefits Overview
Reemployment Priority List (RPL) and the CFTC Career Transition Assistance Plan (CTAP) information
Reemployment Priority List (RPL) registration form
Thrift Savings Plan information - Leaving the Federal Government | The Thrift Savings Plan (TSP)
5 C.F.R. Part 351, Reduction in Force
Employee Assistance Program information
Severance Pay Estimate