# EXHIBIT 6

**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE**

| | |
|---|---|
| KAMIKO OLIVER,<br><br>        Appellant,<br><br>        v.<br><br>Commodity Futures Trading<br>        Commission,<br><br>        Agency. | DOCKET NUMBER<br>DC-0351-25-3912-I-1<br><br><br>December 10, 2025 |

**APPELLANT'S REPONSE TO
AGENCY'S INTERROGATORIES, REQUESTS FOR
ADMISSIONS AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to the August 26, 2025, Acknowledgment Order, AF Tab 2, the MSPB

release, "Status of the U.S. Merit Systems Protection Board During a Partial Government

Shutdown," mutual agreement with Agency counsel by email regarding extensions to

discovery, and 5 C.F.R. § 1201.73(b), Appellant hereby serves her Response to the Agency's

written discovery requests. Appellant maintains that her investigation into this matter is

ongoing and reserves the right to supplement these responses upon the discovery of any

and all new and relevant information.

      **I.**        **Appellant's RESPONSE to Agency INTERROGATORIES**

**Interrogatory No. 1:** Identify the name and address of each witness you
expect to provide testimony should there be a hearing on this matter,
including the substance of the facts and any opinions or conclusions to
which the witness is expected to testify.

- Hoa Kern, Business Manager – Processed the request for Sarah Pauly to change her position description.

- Angela Ahmeen, Acting Chief Human Capital Officer – Oversaw the team in HR who processed the request for Sarah Pauly to change her PD. Oversaw the team in HR who processed the RIF. Participated in all RIF meetings. Reviewed my resume for potential reassignment and told Tanisha Cole Edmonds that my skillsets align with multiple vacant positions in the agency. Has knowledge of the vacancies that were open that I could have potentially been reassigned to.

- Marti Tracy, Deputy Chief Human Capital Officer - Oversaw the team in HR who processed the request for Sarah Pauly to change her position description.

- Shannon Schmidt, Human Resources/Employee Relations - Participated in RIF meetings and has knowledge of the RIF process that was followed. Has knowledge of the vacancies that were open that I could have potentially been reassigned to.

- Tonia Patterson, Human Resources Talent Management – Has knowledge of the vacancies that were open that I could have potentially been reassigned to.

- Meghan Tente, Acting General Counsel – Participated in RIF meetings and advised leadership on the RIF.

- John Einstman, Deputy General Counsel - Participated in RIF meetings and advised leadership on the RIF.


- Caroline Pham, Acting Chair – Decision maker for the RIF.


> **Interrogatory No. 6:** Explain each and every reason why you believe applying Executive Order 14151 to abolish your position was overly broad, discriminatory, and/or contrary to merit systems principles as stated in your appeal.

**OBJECTION:** Appellant objects to this interrogatory on the grounds that it seeks legal analysis or a legal opinion, which is protected by the attorney work product doctrine. Further it is unduly burdensome, requiring unreasonably "each and every reason."

Finally, it is premature, as discovery has not yet been completed. Subject to the foregoing objection, Appellant offers the following information.

**RESPONSE:**  EO 14151 fails to define "Diversity, Equity, Inclusion and Accessibility" and therefore allows for sweeping inclusion of programs and employees under these terms.  It identifies Diversity, Equity, Inclusion and Accessibility by associating it with the previous administration and political party and declaring it "illegal." Implementation of EO 14151 ordered agencies to identify employees who worked in these undefined roles going back to November 5, 2024, without regard for whether the federal employees were presently in the undefined roles, and to prepare to RIF these targeted employees, thus targeting people, not positions, in contravention of 5 CFR Part 351.

The RIF disproportionately singled out for involuntary separation federal workers who are not male or white, in violation of 5 USC § 2302(b)(1)(A). Further, the agency identified for separation through RIF employees who were perceived to be advocating for people in protected classes in violation of 5 USC § 2302(b)(1)(A). Appellant's separations are unlawful political discrimination, which are prohibited personnel practices under 5 U.S.C. §§ 2302(b)(1)(E) and (b)(3). Discrimination on the basis of presumed or perceived political affiliation is illegal. Employees and applicants "should receive fair and equitable treatment in all aspects of personnel management without regard to political affiliation." 5 U.S.C. § 2301(b)(2). Employees and applicants should be protected against "coercion for partisan political purposes." § 2301(b)(8)(A). A supervisor is specifically enjoined from taking any

7

personnel action on the basis of political affiliation. § 2302(b)(1)(E). Additionally, the coercion of political activity of any kind by a supervisor is prohibited, as is any sort of reprisal for an employee's refusal to engage in any political activity. § 2302(b)(3). This partisan political discrimination similarly violates the First Amendment to the U.S. Constitution and 5 U.S.C. § 2302(b)(12), by targeting for elimination from federal service Appellant due to her presumed partisan political affiliation. The infringement of these rights violates Merit System Principles. 5 U.S.C. § 2301(b)(2) and (b)(8)(A).

**Interrogatory No. 7:** Explain why you believe your separation was based on an impermissible category of work association as stated in your appeal.

**OBJECTION:** Appellant objects to this interrogatory on the grounds that it seeks legal analysis or a legal opinion, which is protected by the attorney work product doctrine. Further, it is premature, as discovery has not yet been completed. Subject to the foregoing objection, Appellant offers the following information.

**RESPONSE:** See response to Interrogatories 6 and 18. The government has improperly associated opposing political beliefs with federal employees identified as working in DEI jobs and programs, and, because of this, set out to punish these workers for their imputed political beliefs by targeting them to be separated from federal service through a RIF.

8