# EXHIBIT 7



Gilliard, Stephanie – MSPB Appeal
Exhibit A to MSPB Form 185

16. Stephanie Gilliard appeals on behalf of herself and on behalf of the proposed class of federal workers separated from federal service due to Executive Order 14151 ("EO 14151") "Ending Illegal Discrimination and Restoring Merit-based Opportunities," and/or Executive Order 14173 ("EO 14173") "Ending Radical and Wasteful Government DEI Programs and Preferences," and/or because the government associated them with the concepts of "diversity, equity, and inclusion (DEI)" and/or "diversity, equity, inclusion, and accessibility" (DEIA) between January 20, 2025 and the first day of a hearing on Appellants' claims. Appellant requests adjudication as a class. 5 C.F.R. sec. 1201.27(a).

The RIF, as conducted, was illegal. It was initiated by issuance of EO 14151 and Office of Personnel Management guidance and not by the Agency, in violation of 5 CFR sec. 351.201(a)(1). The RIF targeted the elimination of particular employees and not surplus positions. Procedurally improper, the RIF also subjected Gilliard and class members to multiple prohibited personnel practices. The government-wide mandate disproportionately singled out federal workers who were not male or white in violation of 5 U.S.C sec. 2302(b)(1)(A) and Title VII of the Civil Rights Act of 1964 as amended. Further, the Agency's placement of Appellant on administrative leave, due to "wasteful and radical DEI," was a significant change in duties, responsibilities and working conditions under sec. 2302(a)(2)(A)(xii) and one that was taken at least in part because of sex and race, in violation of sec. 2302(b)(1)(A). The Executive Order, as implemented by the Agency pursuant to the EO and OPM guidance, and resulting in the challenged RIF, violate 5 U.S.C. sec. 2302(b)(1)(e) by penalizing the presumed political affiliation of anyone who has *any* DEI-affiliated duties and/or has been identified as *ever* participating in DEI-related activities. Moreover, Appellant and all employees who performed DEI-affiliated work were denied the opportunity to avail themselves of reassignment rights that would otherwise apply; this denial unlawfully targeted employees based on their perceived political affiliation in an attempt to force them out of federal service. This partisan political discrimination similarly violates the First Amendment to the U.S. Constitution and 5 U.S.C. sec. 2302(b)(12), by targeting for elimination from federal service Gilliard and other members of the purported class due to their presumed partisan political affiliations. The infringement of their rights violates at least Merit System Principles 2 ("All employees and applicants for employment should receive fair and equitable treatment in all aspects of personnel management without regard to political affiliation, race, color, religion, national origin, sex, marital status, age, or handicapping condition, and with proper regard for their privacy and constitutional rights"), and 8(A) ("Employees should be—protected against arbitrary action, personal favoritism, or coercion for partisan political purposes").

Attached, please find: (A) SF-50 showing office as the Office of Policy, not a DEIA office; and (B) Notice of Reduction in Force.