# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STEPHANIE FELL, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:25-cv-04206-TSC |
| DONALD J. TRUMP, *in his official capacity as President of the United States, et al.* | |
| Defendants. | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE
## OF SUPPLEMENTAL AUTHORITY

Defendants respond to Plaintiffs' Notice of Supplemental Authority, ECF No. 84. Plaintiffs contend that *Doe 1 v. Office of the Director of National Intelligence*, 180 F.4th 536 (4th Cir. 2026) supports their arguments concerning both their Civil Service Reform Act of 1978 ("CSRA") claim and their motion for class certification. It does not.

First, *Doe 1* does not alter Defendants' argument that Plaintiffs fail to plausibly allege a violation of the CSRA under Fed. R. Civ. P. 12(b)(6). As Defendants have explained, the CSRA authorizes the Office of Personnel Management ("OPM") to prescribe regulations governing reductions in force ("RIFs"), which are set forth in 5 C.F.R. Part 351. *See, e.g.*, 5 U.S.C. § 3502; 5 C.F.R. pt. 351; *James v. Von Zemenszky*, 284 F.3d 1310, 1314 (Fed. Cir. 2002); Defs.' Reply in Supp. of Mot. to Dismiss ("MTD Reply") at 11-13, ECF No. 83. But Plaintiffs' allegations do not plausibly demonstrate that Defendants violated any specific requirement of Part 351. Plaintiffs contend that *Doe 1* confirms that agencies executing RIFs under the challenged Executive Orders remain bound by applicable procedural requirements governing RIFs. *See* ECF No. 84 at 1-2. Specifically, Plaintiffs argue that Defendants unlawfully failed to afford them assignment, bump, and retreat rights under Part 351. *See* ECF No. 81 at 34-37. But as Defendants have explained, assignment, bump, and retreat rights under Part 351 are conditional and depend on factors such as retention standing, tenure subgroup, qualifications, competitive area, grade limitations, and the existence of a qualifying position held by another employee at the time of the RIF. *See* 5 C.F.R. §§ 351.603, 351.701; MTD Reply at 12-13. Plaintiffs do not plausibly allege that those prerequisites were satisfied.

By contrast, *Doe 1* addressed a separate, agency specific regulation that the court deemed to require the Central Intelligence Agency ("CIA") and the Office of the Director of National Intelligence ("ODNI") to undertake an agency wide placement effort when an employee subject to a RIF elected to pursue reassignment. *See* 180 F.4th at 549-50. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") interpreted that regulation to make the placement effort

mandatory upon the employee's election to pursue reassignment. Indeed, the Fourth Circuit expressly recognized that the CIA and ODNI employees in *Doe 1* were excluded from the CSRA by the statute's terms. *See id.* at 540 n.2. *Doe 1* did not address Part 351 or the distinct prerequisites for assignment, bump, or retreat under that regulatory framework.

Second, *Doe 1* provides no support for Plaintiffs' unsuccessful effort to satisfy Rule 23's commonality requirement. Plaintiffs rely on *Doe 1*'s discussion of the district court's factual finding that the CIA and ODNI employees at issue were terminated pursuant to RIFs, including the CIA Director's statement that he understood the relevant directives to have "effectively prescribed" the termination decisions. ECF No. 84 at 2 (quoting *Doe 1*, 180 F.4th at 543). That record-specific determination, based on CIA and ODNI-specific facts, does not suggest, much less establish, that the challenged directives operated uniformly across the agencies represented in Plaintiffs' proposed class here. As Defendants have explained, even accepting Plaintiffs' premise that the anti-DEIA Executive Orders and OPM memoranda were government-wide, that premise does not answer the dispositive question of whether common proof will generate common answers as to class membership, causation, liability, exhaustion, defenses, and relief for all proposed class members. *See* Defs.' Opp. to Pls.' Mot. for Class Certification ("Class Cert. Opp.") at 2, ECF No. 77. The proposed class spans multiple agencies, decisionmakers, factual circumstances, and legal theories. *Id.* at 9. For each putative class member, the Court will still have to determine whether (1) the employee was in fact subject to separation pursuant to the challenged directives; (2) the challenged action instead reflected agency specific implementation or other lawful considerations; (3) the employee exhausted his or her administrative remedies; and (4) the employee suffered a legally actionable injury under the distinct standards governing the First Amendment, Title VII, or the CSRA. *Id.* at 8. Nothing in *Doe 1* establishes that Defendants implemented OPM's directives uniformly across the agencies and sub-

agencies at issue here, much less eliminates the individualized inquiries that Defendants' class certification opposition explained would be necessary to adjudicate Plaintiffs' claims.[1]

Accordingly, *Doe 1* does not alter the analysis set forth in Defendants' prior briefing. For the reasons detailed in Defendants' briefs, the Court should dismiss the Amended Complaint and deny Plaintiffs' Motion for Class Certification.


Dated: August 13, 2026                          Respectfully submitted,

                                                BRETT A. SHUMATE
                                                Assistant Attorney General
                                                Civil Division

                                                CHRISTOPHER R. HALL
                                                Assistant Branch Director

                                                *Kian K. Azimpoor*
                                                KIAN K. AZIMPOOR (D.C. Bar No. 90024613)
                                                Trial Attorney
                                                United States Department of Justice
                                                Civil Division, Federal Programs Branch
                                                1100 L Street NW
                                                Washington, DC 20005
                                                Tel: (202) 598-0860; Fax: (202) 616-8470
                                                E-mail: kian.k.azimpoor@usdoj.gov

                                                *Counsel for Defendants*

---

[1] Plaintiffs' Notice separately requests that the Court set a hearing or, alternatively, a status conference. *See* ECF No. 84 at 2. Nothing in the Notice suggests any need for either a hearing or a status conference. The pending motions are fully briefed, and *Doe 1* does not raise any issue warranting further argument. There is likewise no need at this time to set a schedule for proceedings that may follow the Court's rulings on those motions, as any further proceedings, and the appropriate schedule for them, will depend on the scope and substance of the Court's rulings. Nonetheless, Defendants stand ready to participate in any hearing or status conference the Court determines useful to its consideration of the issues before it.